**Towanna THOMPSON, Plaintiff–Appellant**

v.

**HARRIS COUNTY HOSPITAL DISTRICT, Defendant–Appellee.**

**No. 13–20514**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

July 15, 2014.

Athill Athelstan Muhammad, Houston, TX, for Plaintiff–Appellant.

Lovlin Sara Thomas, Esq., Houston, TX, for Defendant–Appellee.

Before HIGGINBOTHAM, DENNIS, and GRAVES Circuit Judges.

PER CURIAM: *

Plaintiff Towanna Thompson timely appeals the dismissal of her lawsuit alleging claims under Title 42 U.S.C. Section 2000e *et seq.* for race and sex discrimination. Thompson alleges that her former employer Defendant Harris County Hospital District ("HCHD") constructively discharged her pursuant to unlawful discriminatory practices. We AFFIRM.

The district court granted HCHD's motion for summary judgment. As to the race and sex discrimination claim, the district court concluded that because Thompson presented no direct evidence of discrimination, she had to proceed with circumstantial evidence through the burden-shifting analysis of *McDonnell Douglas.*[1] "Under that framework, the plaintiff must first establish a prima facie case of discrimination, which requires a showing that the plaintiff (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group."[2] Once the plaintiff establishes a prima facie case, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for its actions.[3] If the employer sustains its burden, the prima facie case is dissolved, and the burden shifts back to the plaintiff, who "must then offer sufficient evidence to create a genuine issue of material fact either (1) that the defendant's

---

**1.** *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

**2.** *McCoy v. City of Shreveport,* 492 F.3d 551, 556 (5th Cir.2007) (citing *Wheeler v. BL Dev. Corp.,* 415 F.3d 399, 405 (5th Cir.2005)).

**3.** *Id.* at 557 (citing *Russell v. McKinney Hosp. Venture,* 235 F.3d 219, 222 (5th Cir.2000)).

reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another "motivating factor" is the plaintiff's protected characteristic (mixed-motive[s] alternative)." [4]

The district court concluded that, as conceded by HCHD, Thompson established a prima facie case of race and/or sex discrimination. But it held that HCHD's articulated non-discriminatory reasons for not promoting Thompson—inadequate responses to interview questions, negative feedback from physician stakeholders, and the Administrative Director's knowledge of Thompson's past performance and her interactions with Thompson—were legitimate and were neither pretextual nor mixed with a discriminatory motive. The court also explained that Thompson failed to raise a material question of fact about whether she clearly was better qualified than the applicants selected for the positions. As to her constructive discharge claim, Thompson failed to establish she was a victim of unlawful discrimination, and she failed to show that her move to a lower position in the employer's reorganization plan was intolerable or illegal. Accordingly, the district court granted HCHD's motion for summary judgment.

We apply *de novo* review of the district court's grant of summary judgment, applying the same standards used by the district court.[5] Having reviewed the evidence Thompson puts forth in support of her claims, we AFFIRM.

---

4. *Rachid v. Jack in the Box,* 376 F.3d 305, 312 (5th Cir.2004) (quotation marks omitted).

5. *Vulcan Materials Co. v. City of Tehuacana,* 369 F.3d 882, 886 (5th Cir.2004).

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.